UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHCO TECH, LLC<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MAX VA BENEFITS CONSULTING SERVICES, INC, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 20-cv-2437-BAS-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE (ECF No. 45); AND**<br><br>**(2) GRANTING DEFENDANTS LEAVE TO MOVE FOR AN AWARD OF ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 54(d)(2)(A)** |

Before the Court is Plaintiff JoshCo Tech, LLC's amended motion to voluntarily dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2). The Court finds the Motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons

set forth below, the Court **GRANTS** Plaintiff's Motion and **GRANTS** Defendants leave to file a separate motion for attorney's fees and costs pursuant to Rule 54(d).

## I.     BACKGROUND

Plaintiff claims that Defendants Max VA Benefits Consulting Services, Inc. and Jose Briceno infringed upon its copyright to forms, known as "mini-DBQs," which are used to assist veterans in applying for disability benefits with the Veterans Administration ("VA"). (Compl., ECF No. 1.)  The mini-DBQs "synthesize and simplify information about the [applicant's] health, explain the information required by the VA to the [applicant] by way of textual explanations and accompanying art, and assist the [applicant] with efficiently and effectively applying for VA benefits or challenging an existing disability rating." (*Id.* ¶ 8.)  Plaintiff avers that Defendants infringed upon these copyright-protected mini-DBQs by deploying them in a competing business endeavor without acquiring a license to do so. (*Id.* ¶¶ 21–30.)

Around the time that Plaintiff sued Defendants, Plaintiff also initiated several other actions against additional defendants whom it alleges infringed upon the same copyright-protected mini-DBQs that are the subject of this action.  (Declaration of Jeffrey A. Feasby, Esq. ("Feasby Decl.") ¶ 3, ECF No. 45-2.)  According to Plaintiff, it entered a settlement with certain of these other defendants and that, although Defendants here "were not parties to that settlement, the settlement agreement include[s] a release of the claims that Plaintiff has asserted against Defendants in this case."  (*Id.*; *see* Mot. 3.)  On this basis, Plaintiff moves to voluntarily dismiss this action with prejudice.  (Mot. 3–4.)

## II.    ANALYSIS

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the [d]istrict [c]ourt[.]" *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (citing, *inter alia*, *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980); *Blue Mountain*

*Constr. Corp. v. Werner*, 270 F.2d 305, 306 (9th Cir. 1959), *cert. denied*, 361 U.S. 931 (1960)). "A district court should grant a motion for dismissal under Rule 41(a)(2) unless a defendant can show it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (2001) (footnote omitted).

"Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). A defendant is not said to suffer "legal prejudice" from: (1) "[u]ncertainty because a dispute remains unresolved" or the "threat of future litigation"; (2) the inconvenience of having to defend itself in a different forum; or (3) a plaintiff gaining a tactical advantage through dismissal. *Smith*, 263 F.3d at 976 (citing *Hamilton*, 679 F.2d at 145). Because Defendants do not identify, nor does the Court find apparent, any legal prejudice that might result from dismissal of this action with prejudice, the Court concludes that Plaintiff's Motion for voluntary dismissal should be granted.

Defendants do not dispute dismissal is appropriate. Rather, they ask that this Court "not make any determination of the issue of attorney's fees and costs" and "reserve for determination based upon a properly noticed motion" brought pursuant to Rule 54(d)(2) the question of whether Defendants are entitled to attorney's fees and costs as a "prevailing party" in this copyright infringement action under 17 U.S.C. § 505. (Opp'n 3.) Plaintiff does not oppose this request and asks this Court to "grant [its] [M]otion … subject to Defendants' right to bring a motion for attorney['s] fees if proper." (Reply 2.) Defendants have not yet brought a motion for fees and costs.

Applications for attorney's fees under 17 U.S.C. § 505 must be brought in a separate motion as opposed to in an opposition brief. Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees … must be made by motion …"). Thus, the issue of an award of attorney's fees and costs, if any, is better suited for a future motion (if it is filed).[1] *See Agri Star Meat & Poultry, LLC v. Doheny Kosher Meat, Inc.*, No. CV-13-03384-MWF (PLAx), 2014 WL

---

[1] In so holding, this Court makes no determination now as to the propriety of Defendants' claim that it is entitled to attorney's fees under 17 U.S.C. § 505.

12567780, at *3 (C.D. Cal. Oct. 24, 2014) (granting voluntary dismissal with prejudice and leave for defendant to file motion under Rule 54(d)(2) for costs under the Lanham Act).

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to voluntarily dismiss the action with prejudice. (ECF No. 45.) Additionally, the Court **GRANTS** Defendants leave to file a motion for reasonable attorney's fees and litigation costs incurred in this matter, pursuant to Rule 54(d)(1). The procedure for seeking payment for costs is found in Civ. L.R. 54.1.

**IT IS SO ORDERED.**

DATED: October 13, 2021

Hon. Cynthia Bashant
United States District Judge